**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-2010

MARVEL JOHNSON PRINCE OYIBO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.  (A79-235-664)

Submitted:  February 25, 2005          Decided:  April 7, 2005

Before WILLIAMS and KING, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Rashann R. Duvall, Patricia L. Stasco, ARNOLD & PORTER LLP, Washington, D.C., for Petitioner.  Peter D. Keisler, Assistant Attorney General, James A. Hunolt, Senior Litigation Counsel, Arnold C. Celnicker, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Marvel Johnson Prince Oyibo, a native and citizen of Nigeria, petitions for review of an order of the Board of Immigration Appeals (Board) affirming without opinion the immigration judge's order denying his applications for asylum, withholding of removal, and protection under the Convention Against Torture. In his petition for review, Oyibo challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for asylum, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Oyibo fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief he seeks.

Nor can Oyibo show that he is entitled to withholding of removal under 8 U.S.C. § 1231(b)(3) (2000). "Because the burden of proof for withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004).

Oyibo next contends that the immigration judge erred in denying his claim for protection under the Convention Against Torture. We have reviewed the administrative record and conclude that Oyibo did not exhaust his administrative remedies with respect to this claim because he did not present it in his appeal to the Board. See 8 U.S.C. § 1252(d)(1) (2000); Asika v. Ashcroft, 362 F.3d 264, 267 n.3 (4th Cir. 2004), cert. denied, 125 S. Ct. 861 (2005).

Accordingly, we deny Oyibo's petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED